IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANET LYNN GRANT, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF KANSAS, DEPARTMENT )<br>FOR CHILDREN AND FAMILIES, )<br>      Defendant. ) | Case No. _____<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

COMES NOW, the Plaintiff, Janet Lynn Grant, by and through her undersigned counsel, Bruce Alan Brumley and Chloe Elizabeth Davis, and for her causes of action against Defendant, the State of Kansas Department for Children and Families, states the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Janet Lynn Grant (hereinafter "Plaintiff") is an individual residing in Jasper County, Missouri.

2. Defendant State of Kansas Department for Children and Families (hereinafter "Defendant") is a state agency doing business in Kansas within the boundaries of the State of Kansas. Defendant may be served with process pursuant to statutory requirements in Shawnee County, Kansas.

3. This action arises under the Rehabilitation Act of 1973, 29 U.S.C. § 794, Section 5, *et. seq.*, of the United States Code, as amended (hereinafter "Rehabilitation Act") related to various sections including employment, accommodation, discharge, retaliation, attorney's fees, and compensatory and punitive damages.

4. As to the claims enumerated herein that arise under federal law, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

1

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendants are subject to the Court's personal jurisdiction within this District.

## ALLEGATIONS COMMON TO ALL COUNTS

6.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 5 as if fully set forth herein.

7.     Plaintiff was hired by Defendant as a Child Protection Specialist in February 2021, a job she was always qualified, including now, to do and perform.

8.     Plaintiff suffers from clinically diagnosed anxiety, post-traumatic stress disorder, and neurological issues secondary to post-concussion syndrome, all of which substantially limit her major life activities and will continue to do so for most of her lifetime.

9.     On or about April 26, 2021, Plaintiff requested a reasonable accommodation in the form of occasionally being able to work remotely as her physicians released her to full duty following a short period of leave related to her disabilities.

10.    Defendant did not respond to Plaintiff's request for reasonable accommodation or otherwise engage in the interactive process with Plaintiff. Instead, Defendant terminated Plaintiff's employment on April 29, 2021, only three days after Plaintiff's request.

11.    Instead of engaging in the interactive process with Plaintiff, Defendant failed to further discuss or engage with Plaintiff regarding her requests for reasonable accommodation and opting to deny Plaintiff's request.

12.    Plaintiff was discharged from her employment with Defendant in an act of discrimination, retaliation, and failure to accommodate, violating her rights under the Rehabilitation Act.

13.    Plaintiff's disabilities described throughout this complaint qualify as disabilities within the meaning of the Rehabilitation Act.

14. Plaintiff's disabilities are of a nature of impairment making Plaintiff a qualified individual within the meaning of the Rehabilitation Act.

15. Plaintiff's disabilities are recognized impairments as defined by the Rehabilitation Act.

16. Plaintiff's disabilities affect more than one appropriate major life activity with impairments that substantially limit those activities as defined by the Rehabilitation Act.

17. Plaintiff has a record of her disabilities as shown by her disclosures to Defendant of her disabilities, which were known to this Defendant employer.

18. At all times of her employment and afterwards up to and continuing through today's date and beyond, even with her disabilities, she qualified for work with Defendant and continues to do so, both with or without reasonable accommodations.

19. Despite Plaintiff's disabilities, that at all times described in this complaint, currently and into the future, Plaintiff has been and continues to be qualified physically and mentally to perform her job performed at Defendant's place of employment.

20. Despite being a qualified individual with a disability that was and continues to be capable of doing her job, the Plaintiff was terminated by this Defendant.

21. That Plaintiff was not terminated for cause and the termination was in bad faith, based in discrimination, and in retaliation of her disabilities described throughout this complaint.

22. That Defendant is a qualified covered entity under the Rehabilitation Act, as Defendant receives federal financial assistance and/or is a federal contractor.

23. Plaintiff was discriminately terminated after making a request for reasonable accommodation.

24. The accommodation request described throughout this complaint was denied by Defendant and Defendant failed to engage in the interactive process with Plaintiff.

25.     That Plaintiff complained to her supervisors regarding the denial of her accommodation request and retaliatory behavior exhibited by Defendant.

26.     That Defendant did not accommodate Plaintiff despite her reasonable requests for such accommodation.

27.     That Defendant did nothing to prevent and/or remedy the discrimination, retaliation, and failure to accommodate committed by Defendant employees.

28.     That Defendant terminated Plaintiff due to her disabilities and request for reasonable accommodation, as opposed to allowing reasonable accommodation, engaging in the interactive process, or stopping illegal discrimination on the basis of disability.

29.     That the termination described through this complaint was discriminatory and in an act of retaliation for making a request for reasonable accommodation pursuant to the Rehabilitation Act which the Defendant failed to engage in the interactive process and failed to accommodate Plaintiff.

### COUNT I – DESCRIMINATION ON THE BASIS OF DISABILITY
### (In Violation of the Rehabilitation Act of 1973)

30.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 29 as if fully set forth herein.

31.     Defendant discriminated against a qualified individual (Plaintiff) with a disability because of her disabilities.

32.     Defendant discriminated against Plaintiff as an individual with a disability in regard to her ultimate discharge from employment with Defendant.

33.     Defendant discriminated against Plaintiff as an individual with a disability in regard to her overall compensation from Defendant.

34. Defendant discriminated against Plaintiff as an individual with a disability in regard to her job training, and other terms, conditions, and privileges of her employment.

35. Plaintiff requested the use of a simple accommodation such as flexibility from Defendant so that Plaintiff could occasionally work remotely as needed to transition back to full time work.

36. Plaintiff's requests for the above-mentioned accommodations did not prevent her from working the job she had been working for Defendant.

37. Defendant was aware of the disabilities and other simple concerns related to accommodation throughout this complaint.

38. While employed by Defendant and/or under the control of Defendant, Plaintiff was treated differently than other employees in the same and similar position.

39. Upon Plaintiff's request for reasonable accommodation for her disabilities, Defendant denied Plaintiff's request and ultimately terminated Plaintiff's employment.

40. Defendant herein had knowledge of the discrimination and retaliatory behavior toward Plaintiff, as evidenced by Plaintiff's complaints to her supervisors.

41. Defendant herein this case failed to take reasonable steps to prevent this discrimination from occurring and to protect Plaintiff from said conduct or retaliation from requesting reasonable accommodations.

42. Defendant failed to properly train their supervisors concerning their duties and obligations under civil rights laws, including the Rehabilitation Act.

43. Defendant's discriminatory conduct herein this case maliciously or recklessly violated Plaintiff's rights under the Rehabilitation Act, and such a violation is sufficient to warrant an award of punitive damages.

44. As a direct and proximate result of Defendant's discriminatory actions herein this case, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, a deprivation of income, as well as other monetary and non-monetary damages.

45. Plaintiff is entitled to attorney's fees as provided in the Rehabilitation Act and for the fees and costs in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in their favor against Defendant on Count I of Plaintiff's Complaint, finding that she was subject to discrimination due to her disabilities or perceived disabilities in violation of the Rehabilitation Act of 1973, for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of compensatory and punitive damages, the costs of this action, reasonable attorneys' fees, and for other such relief as the Court deems just and equitable.

### COUNT II – RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY
### (In Violation of the Rehabilitation Act)

46. Plaintiff incorporates by reference all aforementioned paragraphs 1 through 45 above as if fully set forth herein.

47. Plaintiff engaged in protected activity protected by the Rehabilitation Act by requesting reasonable accommodations and complaining to Defendant regarding the retaliatory behavior.

48. As a result of engaging in protected activity, Defendant subjected Plaintiff to an adverse employment action subsequent to the protected activity, including terminating Plaintiff's employment.

49. A causal – or more accurately a direct – connection exists in relation to engaging in the protected activity described throughout this complaint and the adverse action by Defendant in terminating Plaintiff's employment and failing to engage in the interactive process with Plaintiff.

50. Defendant denied accommodation and did not take such requests for accommodation in good faith, and instead retaliated against such requests, discriminated against Plaintiff's disabilities, which is demonstrated by Plaintiff's termination taking place shortly after Plaintiff's request for reasonable accommodation and complaints of retaliatory behavior.

51. Defendant terminated Plaintiff in retaliation of Plaintiff exercising her legally protected rights under the Rehabilitation Act.

52. Defendant herein this case failed to take reasonable steps to facilitate the interactive process between Plaintiff and Defendant.

53. Defendant herein this case failed to take reasonable steps to protect Plaintiff from retaliation.

54. Defendant herein failed to properly train supervisors concerning their duties and obligations under civil rights laws, including the Rehabilitation Act.

55. Properly trained employees and supervisors would have engaged in the interactive process with Plaintiff and/or properly elevated Plaintiff's request to facilitate the interactive process with Plaintiff.

56. Properly trained employees and supervisors would grant a reasonable request for accommodation.

57. Defendant's conduct herein maliciously or recklessly violated Plaintiff's rights under the Rehabilitation Act, and such a violation is sufficient to warrant an award of punitive damages.

58. As a direct and proximate result of Defendant's actions and retaliation herein, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, a deprivation of income, as well as other monetary and non-monetary damages.

59. Plaintiff is entitled to attorney's fees for this retaliation, requiring the bringing of this claim as provided in the Rehabilitation Act, and for the fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on Count II of her Complaint, finding that Plaintiff was terminated in retaliation for engaging in protected activity in violation of the Rehabilitation Act for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of compensatory and punitive damages, the costs of this action, reasonable attorney's fees, and for other such relief as the Court deems just and equitable.

## **DAMAGES**

60. Plaintiff incorporates by reference all aforementioned paragraphs 1 through 59 above as if full set forth herein.

61. Defendant herein discriminated and retaliated against Plaintiff on the basis of her disabilities with malice and reckless indifference as to the legally protected rights of the Plaintiff.

62. As a result, Plaintiff has suffered monetary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, among other non-monetary damages.

63. Defendant employs more than five hundred employees.

64. Plaintiff prays for compensatory and punitive damages in the amount of $300,000.00, as Defendant employs upwards of five hundred employees.

65. Plaintiff prays for injunctive relief in the form of reinstatement with backpay including benefits, reasonable accommodations, and interest incurred.

66. Plaintiff alternatively prays for injunctive relief in the form of backpay including benefits with interest incurred, and front pay including benefits with interest incurred, in place of reinstatement.

67. Plaintiff prays for damages in the amount of reasonable attorney's fees.

68. Plaintiff prays for damages in the amount of court costs incurred in bringing this action.

69. Plaintiff prays for any other damages and relief as this Court may deem necessary, just, and equitable as allowed by the Rehabilitation Act or any other relevant source of law related to these claims or within the power of the Court.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on all Counts of her Complaint, finding that Plaintiff was terminated in an act of discrimination and in an act of retaliation for opposing discrimination in violation of the Rehabilitation Act. Plaintiff prays for an award of compensatory and punitive damages in the amount of $300,000.00, an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of reasonable attorney's fees, an award of the costs of this action, and for other such relief as the Court deems just and equitable.

Respectfully submitted,

*/s/Bruce Alan Brumley*
*/s/Chloe Elizabeth Davis*
Bruce Alan Brumley, #16066
Chloe Elizabeth Davis, #28517
Brumley Law Office
2348 SW Topeka Blvd., #201
Topeka, KS 66611
P: (785) 267-3367 / F: (785) 233-3161
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com

## **DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, and pursuant to Federal Rule 38(b)(1), demands a trial by jury on all of these issues in the above-captioned case.

*/s/Bruce Alan Brumley*
*/s/Chloe Elizabeth Davis*
Bruce Alan Brumley, #16066
Chloe Elizabeth Davis, #28517
Brumley Law Office
2348 SW Topeka Blvd., #201
Topeka, KS 66611
P: (785) 267-3367 / F: (785) 233-3161
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com