UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANET LYNN GRANT,          )<br>　　　　Plaintiff,          )<br>                                    )<br>v.                                )<br>                                    )<br>                                    )<br>STATE OF KANSAS, DEPARTMENT )<br>OF CHILDREN AND FAMILIES )<br>                                    ) | Case No. 23-CV-04033 |

**THE KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW the Defendant, THE KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, by and through its attorney Marc Altenbernt, and for its Answer and Affirmative Defenses to the Complaint filed by Plaintiff JANET LYNN GRANT, hereby states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This Defendant lacks the knowledge or information to either admit or deny the allegation set forth in this Complaint, and on that basis, denies same.

2. Admit.

3. This Defendant lacks the knowledge or information to either admit or deny the allegation set forth in this Complaint, and on that basis, denies same.

4. Admit.

5. Admit.

**ALLEGATIONS COMMON TO ALL COUNTS**

6. This Defendant incorporates by reference its answers to paragraphs 1-5 above as if fully stated herein.

7. This Defendant admits that the Plaintiff was hired in February 2021 for the position of Child Protection Specialist. This Defendant further admits that the Plaintiff was qualified for the position when she was hired. This Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained within this paragraph.

8. This Defendant is without sufficient knowledge or information to either admit or deny the allegations contained within this paragraph, and on that basis, denies same.

9. Deny.

10. This Defendant admits that it did not respond to the Plaintiff's ADA request, as the decision to terminate the Plaintiff had been already made at that point. This Defendant further admits that it terminated the Plaintiff on April 29, 2021, but denies that it did so on any improper basis.

11. Deny.

12. Deny.

13. This Defendant is without sufficient knowledge or information to either admit or deny whether the Plaintiff suffered from the alleged "disabilities," and therefore, is unable to either admit or deny whether said "disabilities" qualify as "disabilities" under the Rehabilitation Act, and on that basis, denies same.

14. This Defendant is without sufficient knowledge or information to either admit or deny the allegations contained within this paragraph and on that basis denies same.

15. This Defendant is without sufficient knowledge or information to either admit or deny the allegations contained within this paragraph and on that basis denies same.

16. This Defendant is without sufficient knowledge or information to either admit or deny the allegations contained within this paragraph and on that basis denies same.

17. This Defendant denies that the Plaintiff disclosed any "disabilities" prior to her tendering the ADA request.

18. This Defendant is uncertain as to the meaning of the phrase, "qualified for work." To the extent that this Defendant understands the phrase, it denies that the Plaintiff was "qualified for work" at the time of her termination. Further answering, this Defendant denies that Plaintiff's alleged disabilities, to the extent they existed, played any part in her termination.

19. This Defendant lacks sufficient information to either admit or deny the allegations contained within this paragraph, and on that basis, denies same. Further answering, this Defendant denies that Plaintiff's alleged disabilities, to the extent they existed, played any part in her termination.

20. This Defendant admits that it terminated the Plaintiff's employment and denies that the Plaintiff was "qualified" for her job at the time she was terminated. This Defendant denies that it terminated the Plaintiff on the basis of her alleged disabilities.

21. Deny.

22. This Defendant admits that it accepts federal funding, but denies that the Rehabilitation Act constitutes a proper abrogation of this Defendant's Eleventh Amendment Immunity.

23. Denied.

24. Denied.

25. This Defendant denies that it every denied any accommodation request and therefore, denies that the Plaintiff ever "complained" about such denial.

26. Denied.

27. This Defendant denies that the Plaintiff suffered from any "discrimination, retaliation, and failure to accommodate" at the hands of this Defendant, and as such, denies that there was anything to "prevent and/or remedy."

28. Deny.

29. Deny.

## COUNT I – DISCRIMINATION ON THE BASIS OF DISABILITY
### (In Violation of the Rehabilitation Act of 1973)

30. This Defendant incorporates by reference its answers to paragraphs 1-29 as if fully restated herein.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. This Defendant denies any "discrimination and retaliatory behavior toward the Plaintiff" ever took place.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

WHEREFORE, the Defendant, the Kansas Department for Children and Families prays that it be awarded judgment against this matter against the Plaintiff, along with attorneys' fees and costs, and that the Plaintiff be awarded nothing.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Petition fails to state a claim or cause of action upon which relief can be granted against this Defendant and should accordingly be dismissed.

2. This Defendant denies any and all allegations not specifically admitted herein.

3. If Plaintiff sustained any damages or injuries, which are specifically denied by this Defendant, such claimed damages or injuries were not caused or contributed to be caused by this Defendant's negligence or fault, but was caused or contributed to be caused by the negligence or fault of others not under the control of this Defendant, including but not limited to Plaintiff, other defendants, and/or any non-party individuals or entities not under the control of this Defendant, and, pursuant to K.S.A. 60-258a, if any fault is found, it must be compared and allocated among all parties and/or nonparties who may be found to be causally negligent or at fault.

4. This Defendant is entitled to an apportionment of fault between and among all appropriate parties, individuals or entities as directed by K.S.A. § 60-258a, as the evidence indicates may be at fault and/or liable to Plaintiff, including apportionment and allocation of the Plaintiff's fault, the fault of other defendants, or any nonparty's fault, and that each party, individual and/or entity be apportioned and allocated their respective fault by the trier of fact.

5. If Plaintiff sustained injury or damage, which is denied, such claimed injury or damage was caused by a superseding cause.

6. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to join all parties who are necessary and/or indispensable to a just adjudication of this action.

7. Any medical damages alleged by Plaintiff will be restricted by the *Martinez v. Milburn Ent., Inc.* decision set forth by the Kansas Supreme Court. This Defendant is entitled to a credit or offset for any adjustments or write-downs in Plaintiff's special damages, including medical expenses.

8. Any potential recovery against this Defendant must be reduced and limited pursuant to the statutory caps/limits on non-economic damages, or any other damages, under Kansas law and any other statutes relating to claims against a state agency.

9. Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of laches, waiver, and estoppel.

10. This Defendant possesses immunity from liability from the allegations set forth in the Amended Petition under the public duty doctrine, discretionary function exception, and/or Kansas Tort Claims Act.

11. The Plaintiff failed to exhaust all necessary administrative remedies before filing the instant lawsuit against this Defendant.

12. This Defendant reserves the right to assert any additional defenses as may become available through investigation and discovery, and to adopt or assert any defenses raised or asserted by any party to this action.

WHEREFORE, having fully answered Plaintiff's Petition, Defendant The Kansas Department for Children and Families, respectfully prays the order of this court dismissing

Plaintiff's Petition against this Defendant for its costs herein incurred, and for such other relief as this court deems just and proper.

**This Defendant demands a trial by jury on all issues triable pursuant to K.S.A. § 60-238(b).**

                                Respectfully Submitted,

                                */s/ Marc Altenbernt*_____
                                Marc Altenbernt, SC#28745
                                Kansas Department for Children and Families
                                555 S. Kansas Ave., 6th Floor
                                Topeka, KS 66603
                                Tel:   (785) 250-0380
                                Fax:   (785) 296-4960
                                Marc.Altenbernt@ks.gov
                                ***Attorney for Defendant, DCF***

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of August 2023, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/EMF system and provide electronic notification to all those registered to receive same.

                                */s/Marc Altenbernt*_____
                                Marc Altenbernt, #28745